UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-1403 JBG (SHKx)** | Date | September 4, 2024 |
|---|---|---|---|
| Title | *William Horvath v. Home Depot U.S.A., Inc., et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 10); and (2) VACATING the September 9, 2024 Hearing (IN CHAMBERS)

Before the Court is a motion to remand filed by plaintiff William Horvath ("Plaintiff" or "Horvath"). ("Motion," Dkt. No. 10.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **DENIES** the Motion. The hearing on September 9, 2024 is **VACATED**.

## I. BACKGROUND

On June 28, 2023, Plaintiff filed a complaint in the Superior Court of California, County of Riverside alleging negligence and premises liability against defendants Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") and John Doe ("Doe"), an alleged supervisor and/or manager of the subject premises, along with Does 1-15. ("Complaint," Dkt. No. 1 at 9-10.) On June 4, 2024, Plaintiff served Defendant with a statement of damages, listing general and specific damages in excess of $2,000,000. ("Statement of Damages," Dkt. No. 1 at 2, 35-36.)

On July 5, 2024, Defendant removed the action to this Court. ("NOR," Dkt. No. 1.) On July 19, 2024, Plaintiff filed the Motion. (Motion.) In support, Plaintiff filed the declaration of Igor Fradkin ("Fradkin Decl.," Dkt. No. 10-1.) On July 29, 2024, Defendant opposed the Motion. ("Opposition," Dkt. No. 11.)

//
//

## II.   LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013).  As such, federal courts have original jurisdiction only over civil actions in which a federal question exists or in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).

The party seeking removal has the burden of establishing federal jurisdiction.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  Because the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "Doubts as to removability must [therefore] be resolved in favor of remanding the case to state court."  Matheson, 319 F.3d at 1090.

## III.   DISCUSSION

Horvath seeks to remand this case on the grounds that Home Depot has not met its burden of proof that diversity jurisdiction exists.[1]  (Motion at 1–2.)

**A.   Removal**

In Plaintiff's view, this case lacks diversity jurisdiction because (1) Home Depot has not established that the controversy exceeds $75,000 and (2) Plaintiff and Doe are both citizens of California.  (Motion at 13-20.)

**1.   Amount in Controversy**

When removal is sought on diversity grounds, generally "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 USC § 1446(c)(2); see also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–89 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that . . . the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify

---

[1] The Court reprimands Plaintiff's counsel for failing to meet and confer prior to filing the Motion, in violation of Local Rule 7-3.  (See Opposition at 2.)  Nevertheless, the Court considers the Motion on its merits.

dismissal."). "Pursuant to California Code of Civil Procedure sections 425.10 and 425.11, a plaintiff in a personal injury or wrongful death action may not include a specific damages prayer in her complaint, but, upon request by the defendant, she must provide a detailed statement of damages." Surber v. Reliance Nat. Indem. Co., 110 F. Supp. 2d 1227, 1230 (N.D. Cal. 2000). The law presumes that the damages figure in the Statement of Damages reflects the amount in controversy. See 28 USC § 1446(c)(2); see also Damele v. Mack Trucks, Inc., 219 Cal. App. 3d 29, 41 (1990) ("[T]he purpose of a section 425.11 statement of damages is essentially identical to that of the statement of damages required in all non-personal injury complaints; that is, to insure 'fundamental fairness' by giving a defendant notice of the maximum amount of damages for which he may be liable before he is subjected to a default judgment.") (internal citations omitted).

Here, the Statement of Damages lists an excess of $2,000,000 in total damages—far more than the $75,000 jurisdictional minimum for diversity jurisdiction. (See Statement of Damages.) Plaintiff has not disavowed the damages amount he is seeking. (See Motion.) While it is true that Defendant bears the burden to demonstrate the amount in controversy exceeds $75,000, Defendant meets that burden by pointing to the Statement of Damages. Plaintiff has not proven to the Court why it should ignore his damages estimate, and the Court cannot conclude to a legal certainty that the amount in controversy is less than $75,000. (See Motion); see also St. Paul Mercury Indem. Co., 303 U.S. at 289.

The Court also notes that Plaintiff refused to stipulate to a maximum recovery of $75,000. (Motion at 13.) The law does not allow Plaintiff to have it both ways—if he wants to pursue damages greater than $75,000, as evidenced in his Statement of Damages, Defendant is entitled to litigate the claims asserted against it in federal court. The Court relies on the figures listed in Plaintiff's Statement of Damages. Accordingly, the amount in controversy for diversity jurisdiction is satisfied.

  **2. Citizenship**

Diversity jurisdiction requires that the "the citizenship of each plaintiff [must be] different from that of each defendant." See 28 U.S.C. § 1332; see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009). Section 1332 provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business refers to the corporation's "nerve center," the place where a corporation's officers direct, control, and coordinate the corporation's activities. Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010). In practice, this is normally where the corporation maintains its headquarters. Id. at 93. Here, Plaintiff is a citizen of California and agrees that Home Depot is a Delaware corporation with its principal place of business in Georgia. (Complaint ¶¶ 1, 2; Motion at 14; Opposition at 4.)

Doe is a citizen of California. (Complaint at 2; Motion at 16.) Home Depot argues that Doe's citizenship should be disregarded because Doe was fraudulently joined. (See Opposition at 6.) The Court agrees.

In determining whether complete diversity exists, courts may disregard the citizenship of a fraudulently joined, non-diverse defendant. Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. To establish fraudulent joinder the second way, a defendant must show that the joined, non-diverse party "cannot be liable on any theory." Id. "But if there is a *possibility* that a state court would find that the complaint states a cause of action" against a resident defendant, then the federal court "must find that the joinder was proper and remand the case to the state court." Id. (emphasis in original). A defendant carries a "heavy burden" to show fraudulent joinder because there is a "general presumption" against finding it. Id. Specifically, fraudulent joinder "must be proven by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

Here, the Court finds that Doe was fraudulently joined because Plaintiff has no viable claim against them. Plaintiff alleges negligence and premises liability claims against Doe. In California, the elements of these claims are "the same": "a legal duty of care, breach of that duty, and proximate cause resulting in injury." Hernandez v. Jensen, 61 Cal. App. 5th 1056, 1064 (2021). Plaintiff's only factual allegations are that (1) an employee of Home Depot "struck a portion of Plaintiff's pickup truck with [] merchandise and/or loading equipment" which caused him to fall and sustain injuries at a store located in Hemet, California; (2) as supervisor and/or manager, Doe was "responsible for the maintenance of the store at the time of Plaintiff's slip and fall"; and, (3) a "dangerous merchandise and/or loading equipment [was] not properly installed, maintained, cleaned and/or protected at said property" causing Plaintiff to fall and sustain injuries. (Complaint ¶¶ 3, 8, 10, 14, 17.) However, nowhere in the Complaint does Plaintiff allege Doe's presence or involvement in the alleged incident at all. (See Complaint; Opposition at 5.) Moreover, as aptly argued by Defendant, Doe is "alleged to be responsible for maintaining the store, not loading merchandise into customers' vehicles." (Opposition at 5.) As such, a state court could not plausibly infer that Doe owed a duty to Plaintiff, breached that duty, or proximately caused his injury.

Accordingly, because the Court concludes that Doe was fraudulently joined, the Court **DENIES** the Motion.

## IV.   CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's Motion to remand. The September 9, 2024 hearing is **VACATED**.

**IT IS SO ORDERED.**